

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

November 3, 2015

**VIA ECF**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

*Occidental Petroleum Corporation, et al. v. The Republic of Ecuador*
**No. 15-cv-7874 (JMF)**

Dear Judge Furman:

     I am counsel for Occidental Petroleum Corporation and Occidental Exploration and Production Company (together, "Occidental") in the above-referenced matter. I submit this letter pursuant to the Court's Notice of Initial Pretrial Conference dated October 9, 2015 (Dkt. #8) and the Court's order dated October 28, 2015 extending the deadline for this submission (Dkt # 13). In particular, this letter responds to the Court's question concerning the ripeness of the Petition.

     As expected, the *ad hoc* Committee rendered its Decision on Annulment yesterday. The decision rejected virtually all of Ecuador's arguments for annulment and left the majority of the Award intact, but annulled one part of the Award which reduced Ecuador's liability to US$ 1,061,775,000 (*i.e.* 60% of the Award) plus pre- and post-award interest. Decision on Annulment, ¶¶ 292-301, 585-586. The Committee also held that "[t]he stay of enforcement of the Award is declared automatically terminated in accordance with Rule 54(e) of the ICSID Arbitration Rules." *Id.* at ¶ 590(5).

     Given that the stay of enforcement of the Award has been lifted, there can be no dispute that the Award, subject to the terms of the *ad hoc* Committee's partial annulment, is final and binding on Ecuador. *See* ICSID Convention, Article 54 ("Each Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State."). We therefore respectfully submit that the Court's questions on ripeness are now moot.

Hon. Jesse M. Furman                           2                        November 3, 2015

In light of the *ad hoc* Committee's decision, Petitioners also attach to this letter (i) an amended petition to recognize, confirm, and enforce the Award ("Amended Petition"), and (ii) my declaration in support of the Amended Petition with exhibits, including a proposed order and judgment. The Amended Petition makes no substantive changes to the original petition other than to change the amount due under Award (i.e. now US$ 1,061,755,000) and to inform the Court that the stay of enforcement of the Award has been lifted. The Amended Petition also adds a short section on venue. We understand that the Federal Rules permit us to file the Amended Petition without motion. We also note that there is no case management order in place yet. However, if the Court believes that we are required to seek leave before filing the Amended Petition under the Court's model case management order, we request permission to do so before the pre-trial conference tomorrow.

At the status conference tomorrow, we wish to discuss immediate recognition of the Award as provided for under the ICSID Convention and its enabling statute, 22 U.S.C. § 1650a. *See Mobil Cerro Negro Ltd. v. Bolivarian Republic of Venezuela*, 87 F.Supp.3d 573, 576 (S.D.N.Y. 2015) (observing that the court recognized the award on the same day the petition was filed); *Micula v. Government of Romania*, No. 15 Misc. 107, 2015 WL 4643180, at *2 (S.D.N.Y. Aug. 5, 2015) (same).

As this District has recognized, immediate recognition is appropriate in both *ex parte* and plenary proceedings. *See Mobil*, 87 F.Supp.3d at 585 ("In sum, whether [petitioners] applied for recognition of its award via a plenary lawsuit or an *ex parte* application along the lines used here, the nature of that proceeding would not expand or contract [respondent's] substantive rights. Those rights—to challenge the award substantively before ICSID and to resist attachment or execution in the United States to the extent assets are found here—are unaffected by the recognition process.") (emphasis added); *Micula*, 2015 WL 4643180 at *3 (finding that "review of the award is limited to its authenticity and is otherwise mechanistic and 'automatic'" in recognition proceedings) (quoting *Mobil*, 87 F.Supp.3d at 597).

We are of course available to discuss any of these issues further at the pre-trial conference tomorrow.

                                                    Respectfully submitted,

                                                    __s/ David. W. Rivkin_____
                                                    David W. Rivkin
                                                    Counsel for Petitioners